UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| ADAR BAYS, LLC,<br><br>                            Plaintiff,<br><br>        -against-<br><br>GENESYS ID, INC.<br><br>                            Defendant. | Civil Action No. 17-cv-1175 (ALC)<br><br>**ANSWER** |

Defendant GeneSYS ID, Inc. ("GNID"), by and through its undersigned attorneys, for its Answer and Affirmative Defenses to the First Amended Complaint (the "Complaint") of Plaintiff Adar Bays, LLC ("BAYS"), states the following:

1. GNID lacks information sufficient to form a belief as to the allegations set forth in this paragraph.

2. Admitted, except that GNID has a new corporate office located at 4760 South Pecos Road, Suite 100-2, Las Vegas, NV 89121

3. GNID lacks information sufficient to form a belief as to the allegations set forth in this paragraph and denies that the amount in controversy exceeds the sum of $75,000.00.

4. This paragraph consists of asserted legal conclusions to which no response is required and denies the allegations of proper venue in this court.

5. This paragraph consists of asserted legal conclusions to which no response is required.  GNID refers to the referenced forum selection clause(s), which speaks for itself.

6. Admitted

7. Admitted.

8. GNID refers to the Note, which speaks for itself. The Note is void and unenforceable on grounds that it provides for a criminally usurious interest rate under New York Penal Law §190.40.

9. GNID refers to the Note, which speaks for itself. The Note is void and unenforceable on grounds that it provides for a criminally usurious interest rate under New York Penal Law §190.40.

10. GNID refers to the Note, which speaks for itself. The Note is void and unenforceable on grounds that it provides for a criminally usurious interest rate under New York Penal Law §190.40.

11. GNID lacks information sufficient to form a belief as to the allegations set forth in this paragraph. However, this paragraph admits BAYS's usurious intent to structure the Note and charge a criminally usurious rate, taking into consideration the 35% discount on the price of GNID's shares built into the conversion note repayment feature as an original issue discount, substantially exceeded 25%. Accordingly, the Note is void and unenforceable on grounds that it provides for a criminally usurious interest rate under New York Penal Law §190.40.

12. GNID refers to the SPA, which speaks for itself. Otherwise, denied.

13. GNID refers to the Note, which speaks for itself.

14. Admits.

15. Admits the allegations in Para. 15 of the First Amended Complaint but denies the validity of such demands because the converted shares themselves represented a 35% original issue discount interest rate per share and were void as being part of criminally usurious loan under New York Penal Law 190.40

16. Denied. The Note is void and unenforceable on grounds that it provides for a criminally usurious interest rate under N.Y. Penal Law 190.40.

17. Denied.

18. Admits. However, the failure to deliver said shares is legally warranted because the note provides for a criminally usurious rate of interest under NY Penal Law §190.40, and the note is void as a matter of law, pursuant to NY G.O.L. §5-511.

19. This paragraph consists of asserted legal conclusions to which no response is required. Otherwise, denied.

20. This paragraph consists of asserted legal conclusions to which no response is required. However, the note is criminally usurious under New York Penal Law 190.40 and void ab initio pursuant to G.O.L §5-511.

21. The Note speaks for itself. However the Note is null and of no force or effect because the Note is void and unenforceable on grounds that it provides for a criminally usurious interest rate under N.Y. Penal Law 190.40.

22. Denied.

23. GNID's 10Q filed on November 21, 2016 speaks for itself. However, GNID's CEO was legally in her rights to prevent conversions under a note that provides a criminally usurious rate of interest and is void pursuant to NY G.O.L. 5-511.

24. Denies the allegations contained in ¶24 of the First Amended Complaint, and as set forth above. The Note is void as a matter of law and unenforceable on grounds that it provides for a criminally usurious interest rate under N.Y. Penal Law 190.40.

25. Denies the allegations contained in ¶25 of the First Amended Complaint, and as set forth above, the SPA and NOTE are null and of no force or effect because the Note is void and unenforceable on grounds that it provides for a criminally usurious interest rate under

N.Y. Penal Law 190.40.

26. Denies the allegations contained in ¶26 of the First Amended Complaint, and as set forth above, the failure to deliver the shares was null and of no force or effect because the Note is void and unenforceable on grounds that it provides for a criminally usurious interest rate under N.Y. Penal Law 190.40.

27. Denies the allegations contained in ¶27 of the First Amended Complaint, and as set forth above, the right to convert and receive shares was null and of no force or effect because the Note is void and unenforceable on grounds that it provides for a criminally usurious interest rate under N.Y. Penal Law 190.40.

28. Denies the allegations in this paragraph because the Note and SPA are void under New York Penal Law §190.40.

29. GNID refers to the SPA, which speaks for itself. However, as stated above, the SPA and NOTE are void under New York Penal Law ¶190.40.

30. This paragraph consists of asserted legal conclusions to which no response is required. Otherwise, denied. However, the note is criminally usurious under New York Penal Law 190.40 and void ab initio pursuant to G.O.L §5-511..

31. GNID refers to the SPA and Note, which speaks for themselve. Otherwise, denied.

32. This paragraph consists of asserted legal conclusions to which no response is required. Otherwise, denied

33. This paragraph consists of asserted legal conclusions to which no response is required. Otherwise, denied.

34. This paragraph consists of asserted legal conclusions to which no response is required.

35. Denied.

36. Admits the allegations in ¶36 of the amended complaint.

37. Admits GNID's stock trading erratically. However, GNID has no knowledge of an "LG" involved in this transaction.

38. GNID refers to the Note, which speaks for itself. However, the damages provisions are unconscionable, confiscatory and void as against public policy.

39. GNID refers to the Note and SPA, which speaks for itself. However, the damages provisions are unconscionable, confiscatory and void as against public policy

40. Admitted that GNID's received the Notice of Conversion on November 28, 2016 but was not obligated by law to deliver shares because the Note charges a criminally usurious under New York Penal Law §190.40 and is void as a matter of law pursuant to NY G.O.L. §5-511.

41. This paragraph consists of asserted legal conclusions to which response is required, otherwise, denied.

42. Denied

43. This paragraph consists of asserted legal conclusions to which response is required. However, the default rates of interest and penalties charged by plaintiff are criminally usurious and void as a matter of law.

44. GNID refers to the Note, which speaks for itself and denies any claim of legal fees and costs to Plaintiff.

45. GNID refers to the Note, which speaks for itself and denies any claim of legal fees and costs to Plaintiff.

46. Denied. Usury savings clauses in New York are deemed void as well.

**FIRST CLAIM FOR RELIEF**

47. Defendant repeats and restates its responses to the above allegations and incorporate the same herein as if fully set forth at length.

48. Denied. GNID refers to the SPA, which speaks for itself. As set forth above, the SPA is void and unenforceable on grounds that it provides for a criminally usurious interest rate under New York Penal Law §190.40.

49. Denies information and knowledge sufficient to form a belief as to the truth of the allegations in this paragraph.

50. Denied. GNID did not deliver conversion shares to BAYS because as set forth above, the SPA and Note are void and unenforceable on grounds that they provide for a criminally usurious interest rate under New York Penal Law §190.40.

51. Denied. As set forth above, the Note is void and unenforceable on grounds it provides for a criminally usurious interest rate under New York Penal Law §190.40.

52. Denied.

**SECOND CLAIM FOR RELIEF**

53. Defendant repeats and restates its responses to the above allegations and incorporate the same herein as if fully set forth at length.

54. This paragraph consists of asserted legal conclusions to which response is required. Otherwise, denied.

55. Denies information and knowledge sufficient to form a belief as to the truth of the allegations in this paragraph. Otherwise, denied.

56. Denied. As set forth above, the Note is void and unenforceable on grounds that it provides for a criminally usurious interest rate under New York Penal

Law §190.40.

57.     Denied. As set forth above, the Note is void and unenforceable on grounds it provides for a criminally usurious interest rate under New York Penal Law §190.40.

58.     Denied.

### THIRD CLAIM FOR RELIEF

59.     Defendant repeats and restates its responses to the above allegations and incorporate the same herein as if fully set forth at length.

60.     Denied.  The monies loaned carry a criminally usurious interest rate pursuant to New York Penal Law §190.40 and the underlying note is void.

61.     This paragraph consists of asserted legal conclusions to which response is required. Otherwise, denied.

62.     Denied.

### FOURTH CLAIM FOR RELIEF

63.     Defendant repeats and restates its responses to the above allegations and incorporate the same herein as if fully set forth at length.

64.     Denied.

65.     Denied information sufficient to form a belief as to the accuracy of ¶65 of the First Amended Complaint.

66.     Denied. The entire transaction is void because it charges a criminally usurious rate of interest pursuant to N.Y. Penal Law §190.40, and is void as a matter of law pursuant to G.O.L §5-511.

67. Denied.

68. Denied.

## FIFTH CLAIM FOR RELIEF

69. Defendant repeats and restates its responses to the above allegations and incorporate the same herein as if fully set forth at length.

70. Denies the allegations in ¶'s 70 and 71.

## FIRST AFFIRMATIVE DEFENSE

71. The Complaint fails to state a claim upon which relief can be granted.

## SECOND AFFIRMATIVE DEFENSE

72. The Note is void and unenforceable under General Obligations Law §5-511 on the grounds that plaintiff intended to, and did charge a criminally usurious rate of interest pursuant to New York Penal Law §190.40 by charging an original issue discount of 35% on stock conversions to repay the note, by charging defendant more than 1000% interest in the form of reserving to plaintiff unissued company stock and by charging default rates of interest exceeding the criminal usury limitations.

## THIRD AFFIRMATIVE DEFENSE

73. Plaintiff's claims are barred in whole or in part by the doctrine of unclean hands.

## FOURTH AFFIRMATIVE DEFENSE

74. The daily penalties, default interest rate and Make Whole Failure to Deliver Loss provisions of the Note are invalid and unenforceable penalty provisions.

### FIFTH AFFIRMATIVE DEFENSE

75. Plaintiff's claims are barred, in whole or in part, by its bad faith.

### SIXTH AFFIRMATIVE DEFENSE

76. Plaintiff's claims are barred in whole or in part by the doctrine of equitable estoppel.

### SEVENTH AFFIRMATIVE DEFENSE

77. Plaintiff's claims are barred, in whole or in part, on grounds of fraudulent inducement.

### EIGHTH AFFIRMATIVE DEFENSE

78. Plaintiff waived its claims against Defendant.

### NINTH AFFIRMATIVE DEFENSE

79. Plaintiff lacks legal capacity to sue.

### TENTH AFFIRMATIVE DEFENSE

80. Plaintiff failed to mitigate its damages, if any.

### ELEVENTH AFFIRMATIVE DEFENSE

76. Plaintiff's business is that of a criminal enterprise as is encompassed pursuant to New York Penal Law §190.42 and by charging a criminally usurious interest rate, Plaintiff has committed a criminal act pursuant to New York Penal Law §460.10(1)(a). As such, defendant asserts that Plaintiff cannot profit from this transaction under the New York State Son of Sam laws, NY Exec Law §632(a).

**PRAYER FOR RELIEF**

WHEREFORE, GNID prays for relief as follows:

A. For the dismissal of the Action in its entirety;

B. For a declaration that the Note is void and unenforceable;

C. For disgorgement of all amounts made or collected through stock conversions;

D. For an award of defendant's reasonable attorneys fees and costs incurred in connection with this action;

E. For an order awarding such other and further relief as this Court may deem just and proper.


Dated:   September 20, 2017
         Melville, New York


                                                              /S/                
Mark R. Basile, Esq. (MB2201)
**THE BASILE LAW FIRM P.C.**
68 S. Service Rd., Ste. 100
Melville, New York 11747
Telephone (516) 455-1500
Facsimile (631) 498-0478
mark@thebasilelawfirm.com

*Counsel to Defendant*