UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| ADAR BAYS, LLC<br><br>　　　　　　　　　Plaintiff,<br>　v.<br>GENESYS ID, INC.<br><br>　　　　　　　　　Defendant. | **Civil Action No.:** 1:17-cv-1175(ALC) |

---

**PLAINTIFF'S MEMORANDUM OF LAW IN SUPPORT OF ITS MOTION FOR ATTORNEYS' FEES AND COSTS**

---

GARSON, SÉGAL, STEINMETZ, FLADGATE LLP
Kevin Kehrli
164 West 25th Street
Suite 11R
New York, NY 10001
(P): (502) 241 – 2152
(F): (347) 537 – 4540
*Attorneys for Plaintiff*

Plaintiff, Adar Bays, LLC ("Plaintiff" or "Adar"), respectfully submits this Memorandum of Law, along with the Declaration of Kevin Kehrli ("Kehrli Decl.") with accompanying exhibits filed herewith, in support of Plaintiff's Motion for Attorneys' Fees and Costs.

## I. RELEVANT PROCEDURAL HISTORY

A full account of the facts relevant to this action can be found in Adar's Complaint. *Dkt*. 1. Accordingly, only a brief recitation of the facts will be provided herein.

Plaintiff commenced this action against GeneSys ID, Inc. ("Defendant" or "GNID") by Summons and Complaint on February 16, 2017. *Dkt*. 1. Adar brought this action against GNID for its various breaches of the provisions of a Securities Purchase Agreement and a $35,000.00, 8% Convertible Redeemable Note (the "Note"), which entitled GNID to convert portions of the Note into Defendant's common stock in lieu of repayment. *Dkt*. 62, pp. 2-4. Following multiple attempts by Defendant to dismiss the matter, the Court granted Plaintiff summary judgment on the issues of Defendant's liability for breach of contract and damages, and directed Plaintiff to move for attorneys' fees in accordance with the provisions of the Note. *Dkt*. 62.

## II. ATTORNEYS' FEE AWARDS BASED ON CONTRACT

Parties may contractually agree to permit recovery of attorneys' fees, in which case "a federal court will enforce contractual rights to attorneys' fees if the contract is valid under applicable state law." *Rai v. WB Imico Lexington Fee, LLC*, 2017 U.S. Dist. LEXIS 49395, at *15 (S.D.N.Y. Mar. 31, 2017). In New York, "a contract that provides for an award of reasonable attorneys' fees to the prevailing party in an action to enforce the

1

contract is enforceable if the contractual language is sufficiently clear." *Id.*, citing *NetJets Aviation, Inc. v. LHC Commc'ns, LLC*, 537 F.3d 168, 175 (2d Cir. 2008).

Several "Courts in this Circuit have enforced nearly identical fee-shifting provisions, as do we." *Adar Bays, LLC v. 5Barz Int'l, Inc*, 2018 U.S. Dist. LEXIS 139843 *38-39 (S.D.N.Y.); citing *LG Capital Funding, LLC v. 5Barz Int'l, Inc.*, 307 F. Supp. 3d 84, 99 (E.D.N.Y. 2018); *LG Capital Funding, LLC v. Coroware, Inc.*, No. 16-CV-2266 (AMD)(PK), 2017 WL 9250379, at *6 (E.D.N.Y. 2017); and *NetJets Aviation, Inc. v. LHC Commc'ns, LLC*, 537 F.3d 168, 175 (2d Cir. 2008) ("Under New York law, a contract that provides for an award of reasonable attorneys' fees to the prevailing party in an action to enforce a contract is enforceable if the contractual language is sufficiently clear.").

The Note, validly entered into by the parties, contains attorneys' fees and costs provisions for collecting any amount due under the Note. *Dkt*. 52, ¶80; *admitted at Dkt*. 58, ¶80; *Dkt*. 52, ¶81; *admitted at Dkt*. 58, ¶81. Therefore, pursuant to the terms of the Note, as further discussed below, Adar is entitled to an award of its attorneys' fees and costs.

In the Note, Defendant agreed to pay all costs, expenses, and reasonable attorneys' fees incurred by Adar in collecting any amount due under the Note. *Id*. Specifically, Defendant agreed to "pay all costs and expenses, including reasonable attorneys' fees and expenses, which may be incurred by [Adar] in collecting any amount due under this Note." *Dkt*. 52, ¶80; *admitted at Dkt*. 58, ¶80; *Dkt*. 52. Moreover, Defendant agreed to pay attorneys' fees and costs incurred by enforcing the terms of the Note without limitation to the amount actually collected. Defendant failed to honor the conversion requests and pay the outstanding principal and interest under the Note, Plaintiff was

forced to bring legal action. Subsequently, Plaintiff and Defendant entered into a Settlement Agreement, but Defendant breached that as well. Thus, Defendant is obligated to pay Adar's attorneys' fees and costs incurred in collecting on the Note and Settlement Agreement.

Additionally, Section 8 of the Note provides for Adar's reimbursement for fees and costs incurred in the investigation, preparation, and prosecution of amounts due under the Note. *Dkt. 52, ¶81; admitted at Dkt. 58, ¶81.* Specifically, Section 8 of the Note provides that, "[i]f [Adar] shall commence an action or proceeding to enforce any provisions of this Note, including, without limitation, engaging an attorney, then if [Adar] prevails in such action, [Adar] shall be reimbursed by the Company for its attorneys' fees, and other costs and expenses incurred in the investigation, preparation and prosecution of such action or proceeding." *Id.*

In this action, Adar investigated, prepared, and sought damages from Defendant based on multiple Events of Default, and the Court found that Defendant was liable for breach of the Note. Therefore, Plaintiff prevailed in this action and is entitled to reimbursement from Defendant for the attorneys' fees and costs incurred in the investigation, preparation, and prosecution of this action.

### III.  REASONABLE HOURLY RATE

In assessing legal fees, courts determine the reasonable fee for an attorneys' services. "The reasonable hourly rate is the rate a reasonable, paying client would be willing to pay to attract competent counsel to effectively litigate her case." *Marchisotto v. City of N.Y.*, 2009 U.S. Dist. LEXIS 64662, at *15 (S.D.N.Y. July 27, 2009) citing *Arbor*

3

*Hill Concerned Citizens Neighborhood Ass'n v. County of Albany*, 522 F.3d 182, 193 (2d Cir. 2008).

District Courts undertake "a case-specific inquiry into the prevailing market rates for counsel of similar experience and skill to the fee applicant's counsel, which may include taking judicial notice of the rates awarded in other cases, the court's own familiarity with the prevailing rates in the district, and consideration of the evidence submitted by the parties." *G.B. v. Tuxedo Union Free Sch. Dist.*, 894 F. Supp. 2d 415, 429 (S.D.N.Y. 2012) (internal quotations omitted) citing *Farbotko v. Clinton Cnty.*, 433 F.3d 204, 209 (2d Cir. 2005). After determining the reasonable hourly rate, the district court then uses the rate to calculate the presumptively reasonable fee. *Marchisotto v. City of N.Y.*, 2009 U.S. Dist. LEXIS 64662, at *16 (S.D.N.Y. July 27, 2009). Finally, courts exclude hours that are "excessive, redundant, or otherwise unnecessary." *Marchisotto v. City of N.Y.*, 2009 U.S. Dist. LEXIS 64662, at *15 (S.D.N.Y. July 27, 2009) quoting *Hensley v. Eckerhart*, 461 U.S. 424, 434, 103 S. Ct. 1933, 76 L. Ed. 2d 40 (1983).

Here, Plaintiff's counsel spent 113.3 hours prosecuting this matter, which included correspondence with Plaintiff, preparation of the Complaint, coordination with process servers, correspondence with the Court, conferences and extensive motion practice. All work was performed by two associates[1] and one partner,[2] who, through the course of handling matters involving convertible debt agreements, have developed a specific understanding of the terms and processes of these types of notes, and the breaches and

---

[1] The entries in Exhibit A labeled "GNID (Associate)" show entries from Kevin Kehrli, Esq., and Rushelle Bailey., Esq. Kevin Kehrli joined the firm in 2014, graduated from Brooklyn Law School in Spring 2014, and was admitted in 2015. Rushelle Bailey joined the firm in 2017, graduated from Benjamin N. Cardozo School of Law, and was admitted in May 2018.
[2] The entries in Exhibit A labeled "GNID MS" show entries from Michael Steinmetz who is a partner of Garson, Segal, Steinmetz, Fladgate and was admitted to practice in New York in 2009.

4

defenses related thereto. The associate rate for this matter was $175.00 and the partner rate was $300.00. Therefore, Plaintiff seeks $20,640.00 in attorneys' fees. *Kehrli Decl.*, ¶ 20-25; Ex. A.

Counsels' rates are reasonable given the prevailing market rate and the subject matter of the litigation. A survey of awards in the Southern District of New York demonstrates that the hourly rates are within, indeed lower, than the range of rates that have been approved by courts in this district: *see, e.g.*, *Sidley Holding Corp. v. Ruderman*, 2009 U.S. Dist. LEXIS 126040, at *82-83 (S.D.N.Y. Dec. 30, 2009) ("In terms of the market rate for representation in the Southern District of New York, recent fee awards within the district reflect hourly rates in the range of $ 450.00 to $ 600.00 for experienced partners, $350.00 for senior associates, $ 250.00 for junior associates, and $ 125.00 to $ 170.00 for paralegals." ); *Star Funding, Inc. v. Vault Minerals, LLC*, No. 15-CV-03026 (GBD)(SN), 2017 U.S. Dist. LEXIS 128336, at *22-23 (S.D.N.Y. Aug. 10, 2017) (citing *Sidley Holding Corp* as recent fee awards within the district); and *Balestriere PLLC v. CMA Trading, Inc.*, 2014 U.S. Dist. LEXIS 178762, at *27 (S.D.N.Y. Dec. 31, 2014) ("Recent awards in the Southern District of New York for civil attorneys in small firms litigating straightforward issues reflect hourly rates in the range of $200.00 to $400.00.").

Moreover, in this district, associates of comparable skill and experience as the counsel representing Adar have been awarded rates between $200.00 to $400.00. Therefore, the Firm's hourly rate of $175.00 is a reasonable hourly rate.

## IV. REASONABLE HOURS

Adar's counsel spent 113.3 hours on this matter between January 2017 and October 2018. *Kehrli Decl.*, ¶23. In determining whether the hours are reasonable, courts must consider the time records for each attorney and the nature of the work done. Courts exclude hours that are excessive, redundant or otherwise unnecessary hours.

The work performed by counsel on behalf of Adar was done within a reasonable amount of time. The hours include counsel's correspondence with Plaintiff, preparation of the Complaint, coordination with process servers, correspondence with the Court, conferences and extensive motion practice, as a result of Defendant's attempts to dismiss the matter on bases contrary to settled law. *Kehrli Decl.*, ¶24. Therefore, given the extensive variety of tasks completed during the course of litigation, and the efficiency to which counsel performed said tasks, the Court should find that the hours billed by Plaintiff's counsel are reasonable.

## V. COSTS

Adar is also entitled to an award of costs pursuant to the terms of the Note. *Kehrli Decl.* ¶¶26-28. Costs include "reasonable out-of-pocket expenses incurred by attorneys and ordinarily charged to their clients." *Star Funding, Inc.*, 2017 U.S. Dist. LEXIS 128336, at *25 citing *Anderson v. City of New York*, 132 F. Supp. 2d 239, 245-47 (S.D.N.Y. 2001) (allowing recovery for service, filing, and photocopying expenses, witness fees, and computerized legal research costs).

Here, Adar incurred $7488.20 in costs in bringing this action. *Kehrli Decl.*, ¶27. Adar's costs include a $400.00 filing fee and $88.20 for service of process. *Id.*, Ex. B. Therefore, as filing fees and service of process fees are reasonable out-of-pocket expenses

incurred by attorneys in nearly two years of litigation, Plaintiff is entitled to recover these costs from Defendant.

**WHEREFORE**, Plaintiff, Adar Bays, LLC, requests that this Court grant Plaintiff's Motion for Attorneys' Fees and Costs, and award Plaintiff attorneys' fees in the amount of $20,640.00; costs in the amount of $488.20; and such other further relief as the Court may deem just and proper.

**DATED:**   New York, New York
October 22, 2018

                                           **RESPECTFULLY SUBMITTED,**
                                           **GARSON, SEGAL,**
                                           **STEINMETZ, FLADGATE LLP**
                                           *ATTORNEYS FOR PLAINTIFF*

                                         **BY:**   /s/
                                                 KEVIN KEHRLI (KK1536)
                                                 164 WEST 25TH STREET
                                                 SUITE 11R
                                                 NEW YORK, NY 10001
                                                 TELEPHONE: (502) 241-2152
                                                 FACSIMILE: (347) 537-4540
                                                 EMAIL: kk@GS2LAW.COM